METROPOLITAN STOCK EXCHANGE v. GILL, Internal Revenue Collector.

(Circuit Court of Appeals, First Circuit. February 3, 1914.)

No. 957.

On rehearing. Reversed and remanded.

For former opinion, see 199 Fed. 545, 118 C. C. A. 19.

Gilbert F. Ordway, of Boston, Mass. (Clark & Ordway, of Boston, Mass., on the brief), for plaintiff in error.

James S. Allen, Jr., Asst. U. S. Atty., of Boston, Mass. (Asa P. French and William H. Garland, both of Boston, Mass, on the brief), for the United States.

Before PUTNAM and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

BINGHAM, Circuit Judge. On October 24, 1912, a decision was rendered in this case reversing the judgment of the Circuit Court in favor of the defendant, Gill, and remanding the case to the District Court for further proceedings in conformity with the decision and the agreement of the parties. Since then a petition for rehearing has been filed by the defendant, in which the position was taken that this court erred when it declined to follow the decision of the Circuit Court of Appeals for the Second Circuit in Municipal Telegraph & Stock Co. v. Ward, 138 Fed. 1006, 70 C. C. A. 284, and stated as its reason that the facts there presented were essentially different from those in this case. In support of this contention the defendant has produced a copy of the record of the Circuit Court in the Ward Case, which he

claims discloses that the facts in the two cases are in all essential particulars the same. In order to arrive at a satisfactory conclusion as to this matter, it is necessary to ascertain what the questions in the two cases are, and whether they arise in the same way.

It appears from the record in this case that the Circuit Court, on October 28, 1907, pursuant to an agreement of the parties, sent the case to an auditor to report the facts, and that on October 5, 1911, the auditor, having heard the parties and their evidence, filed his report, in which he set forth in detail the plaintiff's method of doing business with its correspondents and customers, and specifically found that:

"The taking of an order to buy or sell for a customer by the correspondent, and the transmission of it to the plaintiff, and the acceptance and filing of it by the latter, constituted one and the same transaction."

The cause was then continued to the October term, 1911, when it was set down for trial by jury. At the trial the plaintiff offered in evidence the report of the auditor, with the exhibits annexed thereto, and the testimony of two witnesses. The defendant called three witnesses, who testified as to the method pursued by the plaintiff in the conduct of its business, and he also took the stand in his own behalf. At the close of all the evidence the court directed the jury to return a verdict for the defendant, which was done, and the plaintiff excepted. On November 24, 1911, the plaintiff filed its bill of exceptions, setting forth the auditor's report, the exhibits, and the testimony of the witnesses examined before the jury; and on December 5, 1911, the same was allowed. In the bill of exceptions was embodied an agreement of the parties, in which it was stipulated that, if the ruling of the court—

"directing a verdict for the defendant was wrong as a matter of law, the judgment of the Circuit Court * * * [was] to be reversed, with directions to enter judgment for the plaintiff * * * upon the declaration; if said instruction was right, the judgment of the Circuit Court * * * [was] to be affirmed."

It is thus seen that the question of law raised by the plaintiff's exception to the order of the court directing a verdict for the defendant was whether, on the evidence presented before the jury, all reasonable men must reach the conclusion that the correspondents, in receiving and transmitting orders to the plaintiff for the purchase and sale of stocks, and in receiving acceptances, acted as principals and not as agents, and that there were two transactions of purchase and sale, one between the plaintiff and its correspondents, and one between each correspondent and his customer. If the evidence was conflicting, and reasonable men might differ as to the conclusion to be reached, the court committed an error of law in withdrawing the case from the jury and directing a verdict for the defendant.

It is so evident that the Circuit Court erred in directing the jury to return a verdict for the defendant that it is unnecessary to again state the evidence. It is sufficiently set forth in the prior opinion rendered in this case. Moreover, the report of the auditor, which was introduced in evidence before the jury, made a prima facie case in favor of the plaintiff. On this evidence alone it should have been left to the jury,

under proper instructions, to say whether what took place between the plaintiff, the correspondents and the customers constituted one or two independent transactions. And in determining the question the jury should have been instructed that if they found the correspondents acted as agents for the plaintiff, or the customer, or for both, they would be warranted in concluding that there was but one transaction; but if they found that the correspondents acted as principals they might conclude that there were two transactions, and that their verdict should be for the plaintiff or the defendant, according as they found that what was done constituted one or two transactions.

When the case was previously before this court it would seem from the decision then rendered that the court was of the opinion that no other conclusion could be drawn from the evidence than that the correspondents acted as agents, and that in the purchase and sale of stock there was but one transaction. It was unnecessary, in view of the agreement of the parties above set forth, for the court to have gone to this length. The position there taken, however, seems to be fully supported by the decison in Board of Trade v. Hammond, 198 U. S. 424, 25 Sup. Ct. 740, 49 L. Ed. 1111, where the Supreme Court, on facts almost identical with those here presented, but, if anything, less favorable to the plaintiff, held that no other conclusion could be reached than that the correspondents were agents of the Hammond Company.

Then, again, the original record of the Ward Case discloses that this court did not err in declining to follow the decision in that case, as the facts there presented are different from those here under consideration. In that case trial by jury was waived, and the facts were found by the court. On pages 27 and 28 of the record it appears that the court found the following facts: "That the plaintiff dealt with its various correspondents as principals"; "that none of the correspondents were agents of the plaintiff"; "that there was no contractual relation between the plaintiff and the customers of the correspondents"; and that "the transactions between the correspondents and their customers and between the correspondents and plaintiff were distinct and independent."

In the Ward Case the question was whether there was any evidence from which these findings could be made; while here the question is whether such findings are the only conclusions that could be drawn from the evidence. If the same facts might be found from the evidence, it does not follow that they must be. This court, therefore, was clearly right in reversing the judgment of the Circuit Court and remanding the case for further proceedings in conformity with the decision and the agreement of the parties.

Ordered, this 3d day of February, 1914, that, inasmuch as the judgment entered in this cause on October 24, 1912, has heretofore been annulled by an order for a rehearing, it is now here again adjudged as follows:

The judgment of the Circuit Court is reversed, and the case is remanded to the District Court for further proceedings in conformity with this opinion and the agreements of the parties; and the plaintiff in error recovers its costs in this court.